Suzan ROHRBAUGH, Barbara Ann Clay, and Debra Mae Ambler, Individually and as Personal Representatives of the Heirs and Estate of Dorothy Mae Palmer, deceased, Plaintiffs–Appellees,

v.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant,

the Celotex Corporation, Defendant–Appellant.

Suzan ROHRBAUGH, Barbara Ann Clay, and Debra Mae Ambler, Individually and as Personal Representatives of the Heirs and Estate of Dorothy Mae Palmer, deceased, Plaintiffs–Appellees,

v.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant–Appellant,

the Celotex Corporation, Defendant.

Suzan ROHRBAUGH, Barbara Ann Clay, and Debra Mae Ambler, Individually and as Personal Representatives of the Heirs and Estate of Dorothy Mae Palmer, deceased, Plaintiffs–Appellants,

v.

OWENS–CORNING FIBERGLAS CORPORATION and the Celotex Corporation, Defendants–Appellees.

Nos. 90–5205, 90–5206 and 90–5211.

United States Court of Appeals, Tenth Circuit.

May 26, 1992.

Scott M. Rhodes (Gerald P. Green, D. Lynn Babb, Frances E. Patton, Scott A. Law, and Larry G. Cassil, Jr., with him on the briefs) of Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, Okl., for defendant-appellant/cross-appellee Owens–Corning Fiberglas Corp.

Kevin T. Gassaway of Morlan and Associates, P.C., Tulsa, Okl., for defendant-appellant/cross-appellee Celotex Corp.

David L. Weatherford (Mark H. Iola and Randall L. Iola, with him on the briefs) of Ungerman & Iola, Tulsa, Okl., for plaintiffs-appellees/cross-appellants.

Before ANDERSON and SETH, Circuit Judges, and SAFFELS, District Judge *.

SETH, Circuit Judge.

This products liability suit was brought by Suzan Rohrbaugh, Barbara Ann Clay and Debra Mae Ambler to recover for the alleged wrongful death of their mother, Dorothy Mae Palmer. Mrs. Palmer died of mesothelioma which the Plaintiffs claim was the result of exposure to asbestos containing products manufactured by Defendants/Appellants. On appeal, Appellants challenge the jury instructions given by the district court on Oklahoma manufacturer's products liability law. Appellants also challenge the trial format and the district court's limitation of direct and cross-examination of expert witnesses. Finally, Appel-lants claim that the district court erred in its award of prejudgment interest. On cross-appeal, Plaintiffs contend that the district court erred by allowing Appellants a credit for the amount of settlements with other Defendants.

The material facts in this case are not in dispute. For sixteen years the decedent, Mrs. Palmer, was married to Mr. Schultz, an insulator who worked with asbestos products. Mrs. Palmer was not exposed to asbestos dust in a factory setting; rather, she was exposed to it when Mr. Schultz brought his work clothes home to be washed. Mrs. Palmer died of mesothelioma in 1986.

Appellees, Mrs. Palmer's daughters, filed suit against Appellants claiming that Appellants' products caused the decedent's mesothelioma and that the products were defective and unreasonably dangerous. Appellees also alleged that Appellants were negligent in failing to warn of the dangers associated with their products. Appellants answered with a general denial that their products were defective and that they were negligent.

The case was tried to a jury and the jury returned a verdict in favor of the Plaintiffs and against the Defendants and awarded Plaintiffs the amount of $450,000.00. The judgment was then amended to allow the Defendants a credit of $256,469.00 for sums that were paid to the Plaintiffs as a result of settlements with other Defendants.

Appellants' first point on appeal is that the district court erred in its instructions to the jury on the Oklahoma law of manufacturer's products liability. Specifically, Appellants claim that the instructions given by the district court erroneously imposed a duty on Appellants to warn the decedent of the dangers associated with their products.

We review a challenge to a jury instruction "to determine whether the instruction states the governing law and provides the jury with an ample understanding

---

* Honorable Dale E. Saffels, United States Senior District Judge for the District of Kansas, sitting by designation.

of the relevant issues and the applicable law." *Street v. Parham*, 929 F.2d 537, 539 (10th Cir.1991). An error in the jury instructions requires reversal only if the error is determined to have been prejudicial in light of the whole record. *United States v. Denny*, 939 F.2d 1449, 1454 (10th Cir. 1991).

Appellants challenge the district court's instructions titled "Warning Required" and "Warning." Appellants claim that those two instructions imposed a duty on them, contrary to Oklahoma law, to warn the decedent of the risks of exposure to asbestos. We agree. The instructions in question read, in part:

### "WARNING REQUIRED

"A PRODUCT THAT MAY INVOLVE A RISK OF HARM TO PERSONS OR PROPERTY IS DEFECTIVE AND UNREASONABLY DANGEROUS IF IT IS NOT ACCOMPANIED BY A WARNING OR INSTRUCTIONS THAT ARE SUFFICIENT TO INFORM AN ORDINARY USER *OR PERSON EXPOSED TO AND AFFECTED BY A HAZARD* THAT SHE WOULD NOT REASONABLY EXPECT....

### "WARNING

"A WARNING MUST ADEQUATELY INFORM THE INTENDED ORDINARY USER, *OR PARTY WHO IS EXPOSED AND AFFECTED*, OF THE PRECAUTIONS IF ANY, SHE MUST TAKE AND THE RISK, IF ANY, TO WHICH SHE IS EXPOSED IN THE USE OF THE PRODUCT.... IF YOU FIND A DEFENDANT'S INSTRUCTIONS AND/OR WARNING WERE INADEQUATE, RENDERING THE PRODUCT UNREASONABLY DANGEROUS, THIS CAN MAKE THE PRODUCT DEFECTIVE...."

(Addendum Exhibit "A" at 16, 21) (emphasis added).

The Oklahoma Supreme Court, in *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (1974), set out the elements of a cause of action in manufacturer's products liability. In order to prevail, a plaintiff must prove that the product was the cause of the injury, that the product was defective at the time it left the defendant's control, and that the defect made the product unreasonably dangerous. *Id.*

■ The jury instructions given by the district court had the effect of relieving Plaintiffs of their burden to prove one of the elements of a manufacturer's products liability claim; namely, that the product was unreasonably dangerous. The instructions in question allowed the jury to find the Defendants' products defective and unreasonably dangerous if no warning was given to Mrs. Palmer. Thus, a burden was placed on Appellants to prove that their products were not defective by showing that they warned Mrs. Palmer. Appellants, however, did not have a duty to warn Mrs. Palmer of the dangers of exposure to their products.

■ Under Oklahoma law, a manufacturer may have a duty to warn consumers of potential hazards which occur from the use of its product. *McKee v. Moore*, 648 P.2d 21, 23 (Okla.1982). A failure to warn may result in a product being defective and unreasonably dangerous. *Id.* This duty to warn, however, only extends to ordinary consumers and users of the products. *See Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 774 (Okla.1988). The *Woods* court defined "ordinary consumer" as "one who would be foreseeably expected to purchase the product involved." *Id.*

Applying these standards to the facts in this case, we find that Appellants did not have a duty to warn Mrs. Palmer of the dangers associated with their products because Mrs. Palmer was not a foreseeable purchaser or user of the product. Appellants could not have foreseen that Mrs. Palmer would be exposed to their products in the manner in which she was. It is undisputed that Mrs. Palmer was never exposed to asbestos as a user or present where the product was used. Her exposure to asbestos dust, it is asserted, was brought about by contact with her husband's work clothes. To hold that Appellants could reasonably foresee that Mrs.

Palmer would be affected by their products would be an overextension of Oklahoma manufacturer's products liability law.

■ Further reason for our holding that Appellants did not have a duty to warn Mrs. Palmer is based on the fact that Appellants, considering the time sequence, had no way of knowing of the dangers associated with their products. The Oklahoma Supreme Court in *McKee v. Moore*, 648 P.2d 21, 23, said "[t]he manufacturer of a product has a duty to warn the consumer of potential dangers which may occur from the use of the product when it is known or should be known that hazards exist." Thus, until a manufacturer knows or should know that the use of the product is hazardous, the manufacturer does not have a duty to warn. Here, Appellees produced no evidence that Appellants knew or should have known of the hazards associated with their products.

The types of asbestos Mrs. Palmer may have been exposed to as a result of contact with Appellants' products were amosite asbestos and chrysotile asbestos. The evidence before the jury was clear that prior to 1969, the last date of the decedent's exposure to Appellants' products, it was unknown that amosite or chrysotile asbestos fibers could cause mesothelioma.

Appellees failed to produce any evidence that Appellants knew or should have known of the dangers associated with their products. The evidence to the contrary, however, was overwhelming. For example, at trial Appellants introduced an article from the Archives of Environmental Health dated 1972 by Drs. Selikoff, Hammond, and Churg titled "Carcinogenicity of Amosite Asbestos." The article read in part, "However, there has been no evidence to indicate whether or not the amosite variety is also carcinogenic." (Vol. IV at 265.) Additionally, Appellants introduced evidence that, until the 1980's, chrysotile asbestos was not thought to cause mesothelioma.

Appellees' evidence regarding the carcinogenic nature of amosite and chrysotile asbestos dealt with the present state of knowledge on the subject rather than the state of knowledge prior to 1969. Thus,

there was no evidence that Appellants knew or should have known their products could cause mesothelioma. Accordingly, we hold that Appellants did not have a duty to warn Mrs. Palmer directly of the danger of exposure to asbestos containing products and, therefore, it was error for the district court to instruct the jury as it did.

■ Because this case is remanded for a new trial, we will address Appellants' contention that the format of the original trial prejudiced their right to fully defend the claims against them. Specifically, Appellants challenge the district court's pretrial order which limited the time each side was allowed for direct and cross-examination of expert witnesses to thirty and forty-five minutes, respectively. Appellants claim that these limitations precluded any opportunity for an effective cross-examination of the expert witnesses.

■ We recently dealt with this same issue in *Blair v. Eagle–Picher Indus., Inc.*, 962 F.2d 1492 (10th Cir.1992). In *Blair* we again recognized the long-standing rule that the trial court has considerable discretion in how a trial is to be conducted. *See also, Palmer v. Krueger*, 897 F.2d 1529, 1538 (10th Cir.1990); *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir.1987). We note that at the time the pretrial orders were issued in this case, the Northern District of Oklahoma had almost 600 asbestos cases on its docket. Thus, here, as in *Blair,* we see nothing in the record to suggest that the district court abused its discretion in prospectively limiting the amount of time each side was allotted for direct and cross-examination.

Because we have vacated the judgment on the basis of erroneous jury instructions, we decline to address the parties' points regarding prejudgment interest and other posttrial matters.

For the foregoing reasons, the judgment of the District Court for the Northern District of Oklahoma is VACATED and the cause is REMANDED for further proceedings in conformance with this opinion.