Susan ROHRBAUGH, Barbara Ann Clay, Debra Mae Ambler, individually and as Personal Representatives of the Heirs and Estate of Dorothy Mae Palmer, deceased, Plaintiffs–Appellants,

v.

The CELOTEX CORPORATION, Defendant,

and

Owens–Corning Fiberglas Corporation, Defendant–Appellee.

No. 93–5277.

United States Court of Appeals, Tenth Circuit.

May 3, 1995.

Paul F. Donsbach (and Brent M. Rosenthal of Baron & Budd, Dallas, TX, and Mark H. Iola and Randall L. Iola of Ungerman & Iola, Tulsa, OK, with him on the brief), for plaintiffs-appellants.

Scott A. Law (Larry G. Cassil, Jr. with him on the brief) of Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, OK, for defendant-appellee.

† Honorable Myron H. Bright, Senior United States Circuit Judge–Eighth Circuit, sitting by designa-

Before KELLY, BRIGHT, and BARRETT, Circuit Judges.†

PAUL J. KELLY, Jr., Circuit Judge.

Plaintiffs–Appellants Rohrbaugh, Clay, and Ambler appeal the district court's grant of summary judgment in favor of Defendant–Appellee Owens–Corning Fiberglas ("OCF"). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Background

Plaintiffs filed a negligence and products liability action to recover for the alleged wrongful death of their mother, Dorothy Mae Palmer. Plaintiffs allege that Mrs. Palmer was exposed to asbestos dust when she washed the work clothes worn by her husband, this dust came from products manufactured by OCF, and the exposure caused Mrs. Palmer to develop mesothelioma, a tumor of the visceral or parietal pleura. Oklahoma law controls.

A jury awarded $450,000 to Plaintiffs for the death of Mrs. Palmer. On appeal, we vacated the judgment and remanded for further proceedings in conformance with the opinion. *Rohrbaugh v. Owens–Corning Fiberglas Corp.*, 965 F.2d 844 (10th Cir.1992) (*"Rohrbaugh I"*). Defendant OCF moved for summary judgment. Plaintiffs now appeal the grant of summary judgment, contending that the district court erred in applying the law of the case.

## Discussion

We review a grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 997–98 (10th Cir.1994). Summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We consider the "factual record and reasonable inferences therefrom in the light most favorable to the party opposing sum-

tion.

mary judgment." *Blue Circle Cement, Inc. v. Board of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir.1994). Summary judgment is appropriate if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

■ The law of the case doctrine provides " '[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir.1991) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992). Thus when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal. *United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir.1991) (citing 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[1], at 119 (2d ed. 1991)). This principle applies to all "issues previously decided, either explicitly or by necessary implication." *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 705 (10th Cir.1993) (citations omitted), *cert. denied*, —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 566 (1995).

■ Plaintiffs argue that they have not had the opportunity to litigate their case under the correct law. In order to maintain an action in manufacturer's products liability, Plaintiffs must prove that the product was the cause of the injury, that the defect existed in the product at the time the product left the Defendant's possession and control, and that the defect made the product unreasonably dangerous. *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla.1974). The "unreasonably dangerous" prong of this test is not met here. Accordingly, summary

judgment was appropriate. *See Celotex*, 477 U.S. at 323–27, 106 S.Ct. at 2552–55.

■ A product is unreasonably dangerous if it is " 'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.' " *Kirkland*, 521 P.2d at 1362–63 (quoting Restatement (Second) of Torts § 402A cmt. i (1965)). An ordinary consumer is defined under Oklahoma law as "one who would be foreseeably expected to purchase the product involved." *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 774 (Okla.1988). The failure of the manufacturer to properly warn the consumer of dangers associated with a product's use may also cause the product to be considered unreasonably dangerous when it is known or should be known that hazards exist. *McKee v. Moore*, 648 P.2d 21, 23 (Okla.1982).

■ In *Rohrbaugh I*, however, we reviewed the trial evidence and held that the Defendant did not have a duty to warn Mrs. Palmer because she was "not a foreseeable purchaser or user of the product." *Rohrbaugh*, 965 F.2d at 846. Subsequently on remand, in response to the motion for summary judgment, Plaintiffs failed to produce any additional evidence to create an issue of fact concerning the lack of foreseeability.

Additionally, in *Rohrbaugh I* we held that Plaintiffs had "produced no evidence that [Defendant] knew or should have known of the hazards associated with their product[ ]." *Id.* at 847. Specifically, we found that based on the evidence before the jury, it was unknown at the time of exposure that the particular type of asbestos associated with Defendant's product could cause mesothelioma. *Id.* Plaintiffs again failed to produce any additional evidence in response to the summary judgment motion to overcome the lack of evidence on the issue. Instead, Plaintiffs merely listed in summary fashion items of evidence previously admitted at trial. Aplt. App., doc. 4 at 6.

■ Further, because Mrs. Palmer was not a foreseeable consumer, the negligence claim cannot be maintained. The threshold

question in a negligence action is whether the defendant owed a duty to the plaintiff allegedly harmed. *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla.1990). The most important consideration in this determination is whether the plaintiff is foreseeably endangered by the defendant's conduct. *Id.* at 519. Because of our holding in *Rohrbaugh I* that Mrs. Palmer was not a foreseeable purchaser or user of the product manufactured by OCF and that Defendants "could not have foreseen that Mrs. Palmer would be exposed to their products in the manner in which she was[,]" the threshold question of duty is not satisfied. *Rohrbaugh*, 965 F.2d at 846. In the absence of any additional evidence presented by Plaintiffs, we follow the law of *Rohrbaugh I.*

█ Plaintiffs argue, however, that the law of the case doctrine does not apply here because our holdings in *Rohrbaugh I* were dicta. Dicta are "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." *Black's Law Dictionary* 454 (6th ed. 1990). To the contrary, the holdings at issue were essential to the determination of the first appeal because they provided the basis for declaring the jury instructions erroneous and vacating the judgment. Moreover, Plaintiffs have waived their right to challenge the correctness of the holdings in *Rohrbaugh I* by failing to seek review of that decision when they had the opportunity to do so. *Capps v. Sullivan*, 13 F.3d 350, 353 (10th Cir.1993) (citing *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987)).

AFFIRMED.