FILED
United States Court of Appeals
Tenth Circuit

September 16, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STEPHEN THENE SPARKS,

    Plaintiff-Appellant,

v.

K. RITTENHOUSE,

    Defendant-Appellee.

No. 07-1180
(D.C. No. 02-cv-2356-MSK-BNB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Stephen Thene Sparks, a Colorado state prisoner appearing pro se, appeals from the district court's grant of summary judgment based on qualified immunity in his 42 U.S.C. § 1983 action. He also seeks leave to proceed in forma pauperis ("IFP") on this appeal. We exercise jurisdiction

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

under 28 U.S.C. § 1291.  Reviewing Mr. Sparks's filings liberally,[1] we conclude that Mr. Sparks has not established that Ms. Rittenhouse violated his constitutional rights and, accordingly, we **AFFIRM** the district court's summary judgment order.  We **GRANT** Mr. Sparks's IFP request.

## I.  BACKGROUND

This Court has previously discussed the facts of this case in *Sparks v. Rittenhouse*, 164 F. App'x 712 (10th Cir. 2006) ("*Sparks I*").  Therefore, we only briefly recite them here in order to provide a framework for addressing the issues raised by the current appeal.

In 2002, Mr. Sparks filed this § 1983 action, generally alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. His claim is based on the alleged misconduct of a prison nurse, Ms. Rittenhouse, in treating pain in his shoulder.  In May of 2002, an orthopedic specialist discovered bone fragments in Mr. Sparks's shoulder and recommended surgery. This recommendation was denied by the prison insurance provider, and the prison received notice of the denial on June 26, 2002.  This denial, which could be appealed within sixty days, was not communicated to Mr. Sparks until August 14, 2002—forty-five days after the prison received the notice.  Mr. Sparks went through three grievance processes, alleging that Ms. Rittenhouse failed to

---

[1]    Because Mr. Sparks is proceeding pro se, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

promptly inform him of the denial of the surgery; that Ms. Rittenhouse falsely stated that he refused treatment; and that the delay resulted in irreparable damage to him.

After Mr. Sparks filed his complaint with the district court, Ms. Rittenhouse filed a motion to dismiss for failure to state a claim and argued that she was entitled to qualified immunity. Mr. Sparks responded and, shortly thereafter, filed a motion to amend. Mr. Sparks did not, however, attach an amended complaint to his motion. The magistrate judge granted Mr. Sparks's motion to amend but proceeded to recommend that Mr. Sparks's complaint be dismissed for failure to state a claim. Specifically, the magistrate judge found that, at most, Mr. Sparks's allegations accused Ms. Rittenhouse of negligent performance of her duties. Mr. Sparks lodged objections to the magistrate judge's recommendation, but the district court adopted the magistrate judge's recommendation in full and dismissed the complaint.

This Court vacated the district court's order and remanded with the instruction to allow Mr. Sparks thirty days to file an amended complaint. Considering the full universe of facts pleaded by Mr. Sparks—including those in his complaint, the complaint's attachments, and in his motion to amend—we concluded that Mr. Sparks could plead a legally sufficient Eighth Amendment claim.

On remand, Mr. Sparks filed a motion to amend his complaint in which he "attempt[ed] to submit argument and evidence relating to proposed additional claims of discrimination," without attaching a proposed amended complaint. R., Vol. I, Doc. 82, at 1 (magistrate judge's order, dated Mar. 28, 2006). The magistrate judge denied Mr. Sparks's motion, noting that he "may not amend his Complaint by simply filing piecemeal amendments." *Id.* The magistrate judge directed Mr. Sparks to file an amended complaint, but noted that the complaint must contain all of his claims. Mr. Sparks submitted his correctly amended complaint, alleging: (1) Eighth and Fourteenth Amendment violations and listing the dates that Ms. Rittenhouse's actions allegedly constituted deliberate indifference to Mr. Sparks's injuries, and (2) Seventh Amendment violations resulting from Ms. Rittenhouse's alleged statements demonstrating her pattern of discriminatory acts against prisoners.

Following the completion of discovery, Ms. Rittenhouse moved for summary judgment on all of Mr. Sparks's claims, arguing that she was entitled to qualified immunity because Mr. Sparks could not prove a constitutional violation for either claim, could not establish causation for his claims, and failed to exhaust his administrative remedies. The district court entered judgment in favor of Ms. Rittenhouse, reasoning that Mr. Sparks failed to meet his burden of establishing a constitutional violation of his Eighth Amendment rights. Interpreting the Seventh Amendment claim as a Fourteenth Amendment equal protection claim, the district

court found that Mr. Sparks had failed to exhaust his claim but concluded that, even if the court were to consider the claim exhausted, Mr. Sparks still could not demonstrate a constitutional violation.  This appeal followed.

## II.  DISCUSSION

A grant of summary judgment based on qualified immunity is reviewed de novo.  *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1205 (10th Cir. 2008).  Typically, "[s]ummary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.'"  *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).  However, "[b]ecause of the underlying purposes of qualified immunity, we review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions."  *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1108 (10th Cir. 2008).

We must first determine whether the facts alleged, when taken in the light most favorable to the plaintiff, show that the conduct at issue violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Price-Cornelison*, 524 F.3d at 1108.   If these facts do not demonstrate the violation of a constitutional right, our inquiry ends.  *Saucier*, 533 U.S. at 201.  However, if we do find that the facts show a constitutional violation, we must then consider whether the right was clearly established at the time the violation occurred.

*Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). The plaintiff has the burden of demonstrating both that a constitutional violation occurred and that the law was clearly established. *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

## A. Eighth Amendment Claims

Prison officials violate an inmate's Eighth Amendment rights when they are "deliberately indifferent to an inmate's serious medical needs." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Medical needs are serious if the need has been diagnosed "as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citation omitted). Deliberate indifference requires more than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Conduct which, at most, is medical malpractice redressable in state court does not represent cruel and unusual punishment." *Riddle*, 83 F.3d at 1203.

The central issue before us is whether Mr. Sparks has adequately established that Ms. Rittenhouse's conduct constitutes deliberate indifference. Mr. Sparks asserts that Ms. Rittenhouse exhibited deliberate indifference, first, by refusing to give him pain medication and, second, by failing to follow protocol in appealing the denial of his request for surgery.[2]

---

[2] The district court noted that Mr. Sparks's response to the summary judgment motion included a number of factual assertions that were not the

(continued...)

Regarding Mr. Sparks's first claim (the "medicine-provision" claim), Ms. Rittenhouse argued before the district court that Mr. Sparks had not exhausted his administrative remedies. Although she did not present any proof on this point, the district court agreed, relying on a footnote in *Sparks I*, where this Court stated that Mr. Sparks had not exhausted his administrative remedies regarding his medicine-provision claim. *See Sparks I*, 164 F. App'x at 719 n.3. In this appeal, Ms. Rittenhouse adopts the district court's rationale. We conclude that *Sparks I*'s exhaustion determination is binding here, providing the law of the case.

"The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). It applies

---

[2](...continued)
equivalent of an affidavit because they were not made under penalty of perjury. Unsworn statements do not meet the evidentiary requirements of Fed. R. Civ. P. 56. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970). Nevertheless, the district court treated these assertions as if they were sworn in the interest of being thorough. In determining if Mr. Sparks meets his burden of demonstrating a constitutional violation, we need only consider the facts that the district court deemed sufficiently supported for summary judgment purposes. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) ("*Johnson* permits petitioner to claim on appeal that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment . . . ."); *Amundsen v. Jones*, 533 F.3d 1192, 1196 (10th Cir. 2008) ("Because we may review only legal issues, we must accept any facts that the district court assumed in denying summary judgment."). Taking into account Mr. Sparks's pro se status, like the district court, we will rely on Mr. Sparks's unsworn factual assertions in the interest of thoroughly addressing his claim.

to all issues that were previously decided, whether explicitly or by implication. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). In particular, we view an issue as decided by implication when its resolution was a necessary step in resolving the previous appeal. *In re Meridian Reserve, Inc.*, 87 F.3d 406, 409 (10th Cir. 1996). The doctrine of law of the case does not apply to dicta. *Id.* at 410. "Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" *Rohrbaugh*, 53 F.3d at 1184 (quoting Black's Law Dictionary 454 (6th ed. 1990)).

In *Sparks I*, we explicitly concluded that Mr. Sparks failed to exhaust the medicine-provision claim. This conclusion was a necessary part of our overall analysis of whether Mr. Sparks had pleaded facts that could support an Eighth Amendment claim. More specifically, in determining whether Mr. Sparks had pleaded facts that could support an Eighth Amendment claim, we necessarily had to determine whether the facts in question could form the basis for a legally viable claim.

At the time that *Sparks I* was decided, Mr. Sparks was required "to plead and demonstrate that he had exhausted his administrative remedies prior to bringing his complaint about prison conditions in court." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1201, 1210 (10th Cir. 2003) ("A complaint that fails to allege

the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.") (internal quotation marks and citation omitted), *abrogated by Jones v. Bock*, 127 S.Ct. 910, 921 (2007).[3]  Accordingly, in determining whether the facts pleaded by Mr. Sparks could give rise to a legally viable claim, we were obliged in *Sparks I* to examine whether administrative remedies had been exhausted concerning particular sets of facts comprising possible claims.  We concluded that the medicine-provision facts—when viewed as the predicate for a distinct Eighth Amendment claim—could not give rise to a legally viable claim because Mr. Sparks had failed to exhaust his administrative remedies regarding them.  This decision was thus a necessary part of our resolution of the issues presented in *Sparks I* arising from the dismissal of Mr. Sparks's complaint.  Accordingly, under the law of the case doctrine, the district court correctly deemed itself bound by our exhaustion determination and entered judgment on the medicine-provision claim in favor of Ms. Rittenhouse.

---

[3]  The Supreme Court subsequently held in *Jones* that failure to exhaust administrative remedies is an affirmative defense.  127 S. Ct. at 921.  We have interpreted *Jones* as contemplating "that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies," but opined that such dismissals will occur "only in rare cases."  *Aquilar-Avellaveda*, 478 F.3d at 1225.

Mr. Sparks's second Eighth Amendment claim concerning Ms. Rittenhouse's failure to file an appeal of the surgery denial is without merit because it does not rise to the level of deliberate indifference. At the outset, we note that Ms. Rittenhouse contends that she was not the proper official to file an appeal. Although the district court noted that the procedures for filing an appeal leave open the possibility that Ms. Rittenhouse was incorrect in that belief, more is needed to demonstrate that she was deliberately indifferent to Mr. Sparks's needs. Even if Ms. Rittenhouse was incorrect in her belief about her authority to file an appeal, her failure to correctly interpret the procedures does not reach the level required to make out a claim of deliberate indifference—that is, being "more blameworthy than negligen[t]" or establishing "more than ordinary lack of due care for the prisoner's interests or safety." *See Farmer*, 511 U.S. at 835 (citation omitted).

Furthermore, even if we were to assume that Ms. Rittenhouse had an obligation to appeal the denial of Mr. Sparks's surgery and knew of that obligation, Mr. Sparks would need to demonstrate that when Ms. Rittenhouse did not file an appeal of the surgery denial that she "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Mr. Sparks has not made this showing. Importantly, there is no evidence that Mr. Sparks ever requested that Ms. Rittenhouse file an appeal, let alone that she deliberately ignored such a request from Mr. Sparks. As the district court put it: "No

reasonable factfinder could find Defendant Rittenhouse was deliberately indifferent to the Plaintiff's medical needs by failing to file an appeal where the Plaintiff never affirmatively requested that she do so." R., Vol. I, Doc. 125, at 15 (Dist. Ct. Order, dated Mar. 29, 2007).

The only other assertion Mr. Sparks makes is his claim that Ms. Rittenhouse told him that his paperwork "slipped through the cracks." R., Vol. I, Doc. 109, Ex. C (Grievance Form, dated Oct. 16, 2002). However, this also does not rise to the level of a deliberate indifference; at most, it is mere negligence. *See Farmer*, 511 U.S. at 835. Accordingly, Mr. Sparks has not demonstrated that Ms. Rittenhouse violated his constitutional rights by failing to take an appeal on his behalf, and she is entitled to qualified immunity on that claim.

### B. Fourteenth Amendment Claim

Liberally construing Mr. Sparks's filings, the district court interpreted Mr. Sparks's argument that Ms. Rittenhouse had made biased comments as being a claim that she discriminated against him because he is an inmate. Even with this liberal construction, Mr. Sparks cannot demonstrate the requisite constitutional violation. To prove a constitutional violation, Mr. Sparks must allege that he was treated differently from similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, much of his claim is based upon Ms. Rittenhouse's alleged expression of the opinion that prisoners typically receive inferior medical care compared to individuals who are *not*

incarcerated and that, following September 11, 2001, budget cuts further exacerbated this disparity in treatment. This does not demonstrate differential treatment and it only evinces Ms. Rittenhouse's alleged opinions.

Even if we were to view the rest of Mr. Sparks's allegations about Ms. Rittenhouse's actions as part of the basis of this claim—including the refusal to give him medication, delay in notifying him that his surgery request had been denied, and failure to file an appeal of that denial on his behalf—he still cannot succeed. Mr. Sparks would need to make an adequate showing that similarly situated individuals were treated differently. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004). Because he only presents affidavits from other inmates stating that Ms. Rittenhouse was rude to them or gave them improper medication, he fails to demonstrate a constitutional violation. Accordingly, Ms. Rittenhouse is entitled to qualified immunity on Mr. Sparks's Fourteenth Amendment claim.[4]

---

[4] Ms. Rittenhouse argues that Mr. Sparks failed to exhaust his administrative remedies on his equal protection claim. As discussed *supra*, the Supreme Court has determined that exhaustion is an affirmative defense, *Jones*, 127 S. Ct. at 921, and we have held that the burden of proof on this issue falls to the defense, *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Operating under a pre-*Jones* view of exhaustion, however, Ms. Rittenhouse has rested solely on her assertion that Mr. Sparks has not demonstrated exhaustion. Under current law, such assertions are inadequate. Accordingly, exhaustion would not be an appropriate basis for our decision.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment in its entirety.

We also **GRANT** Mr. Sparks's IFP request.  Although Mr. Sparks has made partial payments toward his filing fee, we remind him of his continuing obligation to make such payments until the entire fee has been paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court

Jerome A. Holmes
Circuit Judge