Tobin Don LEMMONS,
Plaintiff–Appellant

v.

Wesley CLYMER, Pawnee County Drug Task Force Member; Todd Fenton, Pawnee County Drug Task Force Member; Clint Stout, Pawnee County Drug Task Force Member; Keith Hammons, Pawnee County Drug Task Force Member; Mike Waters, Sheriff, Pawnee County; JT Adams, Pawnee County Commissioner previously named as JT; Jeri Shaw, Pawnee County Jail Administrator, Defendants–Appellees.

No. 14–5135.

United States Court of Appeals, Tenth Circuit.

April 6, 2015.

Tobin Don Lemmons, Hodgen, OK, pro se.

Christopher James Collins, Esq., Ambre C. Gooch, Esq., Jamison Whitson, Collins Zorn & Wagner, Daniel J. Card, Robert S. Lafferrandre, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, OK, for Defendant–Appellee.

Before KELLY, LUCERO, and McHUGH, Circuit Judges.

## ORDER AND JUDGMENT *

CAROLYN B. McHUGH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. INTRODUCTION

Appellant Tobin Don Lemmons, who is incarcerated in state prison in Oklahoma, filed a pro se civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Oklahoma. The district court identified sixteen separate claims, including various claims of inadequate provision of medical care, unauthorized searches and seizures, destruction of property, excessive force, equal protection violations, inadequate protection from other inmates, inhumane conditions of confinement, and denial of access to the courts. The district court dismissed each of Mr. Lemmons's claims, either for failure to state a claim or on summary judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## II. BACKGROUND

Between August 27, 2010, and August 23, 2011, Mr. Lemmons was in and out of the Pawnee County Jail in Pawnee, Oklahoma, five times.[1] During his final stay at the Pawnee County Jail, Mr. Lemmons filed his complaint in this matter. The complaint alleges Jail Administrator Jeri Shaw, the County Sheriff's Office, the Court Clerk's Office, and various police officers violated Mr. Lemmons's civil rights during searches of his home, while arresting Mr. Lemmons, or during his confinement at the jail. Most relevant to this appeal, Mr. Lemmons alleges (1) police officers stole or destroyed his property while conducting unlawful searches of his home, (2) jail administrators failed to provide adequate medical treatment relating to his seizure disorder, (3) jail officials stood by while other inmates assaulted him, and (4) the County Clerk's office denied him access to the courts. As part of his complaint, Mr. Lemmons also moved the court to seize records and moved for appointment of counsel. The district court treated the motion to seize records as a motion for a preliminary injunction and ruled that Mr. Lemmons had not met his burden of demonstrating the need for injunctive relief. The district court also exercised its discretion in denying Mr. Lemmons's motion for appointment of counsel.

Before serving the complaint on the defendants, Mr. Lemmons submitted a motion to amend his complaint. The district court issued an order explaining that Mr. Lemmons's motion was moot since none of the defendants had been served and he was therefore free to amend under Feder-

1. Mr. Lemmons is now in custody of the Oklahoma Department of Corrections serving concurrent sentences totaling fifteen years.

al Rule of Civil Procedure 15(a)(1)(A). But the district court further instructed that any amended complaint must be "complete in itself," without reference to the original complaint. Ignoring these instructions, Mr. Lemmons filed a "Motion to Proceed with Supplemental Propositions" and a proposed "Amended Civil Rights Complaint Supplementation," which merely added new claims to the original complaint, instead of superseding it. The district court issued an order denying the motion[2] and ruling that the case would proceed on the claims set forth in the original complaint.

Through three separate orders, the district court dismissed each of the claims in Mr. Lemmons's complaint, either for failure to state a claim or on summary judgment. After each order issued, Mr. Lemmons filed a notice of appeal. In his appeal of the first order, Mr. Lemmons also appealed the district court's denial of injunctive relief. This court dismissed the first appeal for lack of finality as to Mr. Lemmons's § 1983 claims and as untimely in regard to Mr. Lemmons's challenge to the denial of injunctive relief. We dismissed the second appeal for failure to prosecute. Before us now is Mr. Lemmons's third appeal, in which he challenges the district court's final order entering judgment in favor of defendants on Mr. Lemmons's § 1983 claims.

## III. DISCUSSION

■ Construing Mr. Lemmons's appellate brief liberally, as we are required to do in the context of a pro se litigant, *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir.2013), we understand Mr. Lemmons to challenge (1) the denial of his motion for injunctive relief, (2) the denial of his mo-tion to amend/supplement his complaint, (3) the denial of his motion for appointment of counsel, and (4) several of the district court's rulings on his § 1983 claims. We address each argument in turn.

### A. Denial of Injunctive Relief

Typically, this court reviews a district court's denial of preliminary injunction for an abuse of discretion. *Warner v. Gross*, 776 F.3d 721, 727 (10th Cir.2015). But Mr. Lemmons's challenge to the district court's preliminary injunction decision comes before us in a unique procedural posture. As explained above, when Mr. Lemmons filed his first notice of appeal in this matter, we interpreted it as appealing in part the district court's denial of injunctive relief. In that order, we explained that because Mr. Lemmons failed to file a notice of appeal within thirty days of the entry of judgment denying injunctive relief, the appeal was untimely. *See* Fed. R.App. P. 4(a)(1)(A); *see also* 28 U.S.C. § 1292(a)(1) (granting the courts of appeals immediate jurisdiction over appeals from interlocutory orders refusing injunctions). Under the law of the case doctrine, we dismiss this challenge for the same reasons we dismissed it in the earlier appeal. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir.1995) ("[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").

### B. Denial of Motion to Proceed with Supplemental Propositions

■ We review the district court's denial of leave to amend for an abuse of discre-

---

**2.** The district court granted a minor aspect of the amended complaint, which requested that the record be modified to reflect that the last name of defendant JT is Adams. But the district court denied the motion as to the substantive amendments.

tion. *Fields v. City of Tulsa,* 753 F.3d 1000, 1012 (10th Cir.2014). Mr. Lemmons argues the district court abused its discretion in denying his motion on the basis that the proposed amended complaint did not comply with the district court's order that it be "complete in itself." He insists it was impossible to amend the entire complaint due to the inadequate jail law library; specifically, he claims he was deterred from making copies and pursuing the litigation of his amendments to the original complaint. We fail to see how any limitation on photocopying prevented Mr. Lemmon from complying with the district court's order that any amended complaint be "complete in itself." Moreover, we do not consider the district court's requirement overly burdensome. To the contrary, the order merely reflects the purpose of an amended pleading, which is to "entirely replace the earlier pleading." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 1504 at 254 (2010). We therefore conclude the district court did not abuse its discretion in denying his Motion to Proceed with Supplemental Propositions.

■ Mr. Lemmons appears to argue in the alternative that the district court should have treated his motion as one to supplement the complaint, not a motion to amend. Specifically, he claims he should have been permitted to supplement his complaint by adding a claim of sexual battery that took place in February 2012, after the date he filed his original complaint. *See* Fed.R.Civ.P. 15(d) (explaining that courts may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). But nowhere in his Motion to Proceed with Supplemental Propositions or in his proposed amended/supplemental complaint did Mr. Lemmons raise a

sexual battery claim, and he has not directed us to any other document filed in the district court in which he attempted to raise such a claim. We cannot conclude that the district court erred in denying Mr. Lemmons's motion to supplement on the basis of a claim he did not present in that motion. Accordingly, we affirm the district court's denial of Mr. Lemmons's motion to amend and/or supplement.

### C. Denial of Motion for Appointment of Counsel

■ We review a district court's denial of a request for appointment of counsel in a civil case for an abuse of discretion. *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir.1995). A district court may appoint counsel for an indigent plaintiff if, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding, considering "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexities of the legal issues raised by the claims." *Id.* In this case, the district court considered each of these factors and determined appointment of counsel was not warranted. Mr. Lemmons claims that because he was incarcerated throughout this litigation, his ability to investigate and contact witnesses was limited without appointed counsel. But the district court explicitly found Mr. Lemmons's "ability to investigate the crucial facts" was not sufficiently inhibited to weigh in favor appointing counsel. Moreover, Mr. Lemmons's filings in the district court and on appeal demonstrate his ability to conduct legal research and make relevant motions. Based on this record, we conclude the district court did not abuse its discretion in denying Mr. Lemmons's motion for appointment of counsel.

### D.  42 U.S.C. § 1983 Claims

■ The remainder of Mr. Lemmons's challenges go to the merits of his § 1983 claims.  Although Mr. Lemmons brought sixteen separate claims in the district court, he appeals the district court's ruling on five[3] of his claims:  (1) that law enforcement violated his Fourth Amendment rights by conducting a warrantless search and seizing and destroying his property;  (2) that he was denied adequate medical treatment while in the Pawnee County Jail;  (3) that he was denied proper protection against an assault by fellow inmates;  (4) that he was denied access to the court due to the insufficient law library at the Pawnee County Jail and his lack of legal counsel;  and (5) his claims against the Pawnee County Sheriff's Office, Court Clerk's Office, and other unknown defendants, whom the district court dismissed from the lawsuit.  The district court disposed of each of these claims under Federal Rule of Civil Procedure 12(b)(6) or on summary judgment.  We review de novo the district court's dismissal of claims under Rule 12(b)(6), accepting as true the well-pled factual allegations and determining whether Mr. Lemmons has provided "enough facts to state a claim to relief that is plausible on its face."  *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir.2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  We also review de novo the district court's grant of summary judgment "and apply the same legal standards as the district court."  *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir.2012).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.* (quoting Fed.R.Civ.P. 56(a)).  At summary judgment, we view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party.  *Id.*

### 1.  Legality of Searches and Seizures and Alleged Destruction of Property

■ Mr. Lemmons first argues the district court erred in dismissing his claims that police officers Fenton, Clymer, and Stout violated his Fourth Amendment rights by unlawfully seizing and destroying documents Mr. Lemmons gathered as part of this litigation and conducting an impermissible warrantless search of his home and person on August 27, 2010.  As to the destruction of documents, although Mr. Lemmons alleged several Fourth Amendment violations in the district court, he never pled a claim regarding the destruction of documents.  In ruling on Mr. Lemmons's various Fourth Amendment claims, the district court never addressed a claim based on the destruction of documents.  Because the record contains no facts to support this allegation and the district

---

**3.**  Mr. Lemmons's appellate brief includes two additional arguments:  a due process claim and a one-sentence argument that Pawnee officials allowed a convicted murderer and convicted sex offenders to "roam free," thereby endangering public safety.  Mr. Lemmons did not raise his due process concern in the district court, and the district court did not rule on it.  He has therefore failed to preserve this claim, and we do not address it.  *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir.2004) (explaining that, even in the context of a pro se litigant, we will only consider those arguments raised in the district court).  As to Mr. Lemmons's claim that convicted criminals were permitted to roam free, Mr. Lemmons fails to demonstrate that he suffered an injury-in-fact as a result of this alleged misconduct.  Mr. Lemmons therefore lacks standing to bring this claim.  *See Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir.2012) (explaining that to have Article III standing, a plaintiff must allege a "concrete and particularized") injury (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)).

court did not rule on this claim, we will not consider it on appeal. *See Richison v. Ernest Grp., Inc.,* 634 F.3d 1123, 1128 (10th Cir.2011) (explaining that a theory raised for the first time on appeal is forfeited and we will not entertain a forfeited theory if the party fails to argue plain error).

■ Mr. Lemmons also argues the district court erred in rejecting his claim that the August 27, 2010, search of his home and person violated his Fourth Amendment rights. In dismissing this claim, the district court ruled Mr. Lemmons failed to present evidence controverting an August 28, 2010, Probable Cause Affidavit, which reported that Mr. Lemmons consented to the officers' search. The district court also ruled that regardless of whether Mr. Lemmons consented to the search, his claim is precluded by *Heck v. Humphrey,* wherein the Supreme Court ruled that "to recover damages for ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a party raising a § 1983 claim "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Mr. Lemmons has not explained why this holding of the district court was erroneous. Because we find the district court's reasoning sound, we affirm the dismissal of Mr. Lemmons's challenge to the constitutionality of the August 27, 2010, search.

## 2. Provision of Medical Care

■ Mr. Lemmons next challenges the district court's dismissal of his claim that Ms. Shaw failed to provide adequate medical treatment for Mr. Lemmons's seizure disorder while he was in her custody at the Pawnee County Jail. Specifically, Mr. Lemmons claims that when he was first booked at the jail, jail officials denied him his seizure medication and otherwise failed to properly provide for his medical needs. As the district court explained, to state a § 1983 claim for a violation of the Eight Amendment due to inadequate medical care, a prisoner must demonstrate a "deliberate indifference" to his serious medical needs. *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir.2005) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Mr. Lemmons has not met this burden. Instead, the record reflects that when Mr. Lemmons was booked into the Pawnee County Jail, he filled out a medical questionnaire, in which he answered "no" to whether he needed any immediate medical attention and "no" to whether he was currently taking any prescribed medications. Once jail officials became aware of Mr. Lemmons's seizure disorder and his need for medication, the jail immediately provided Mr. Lemmons his daily doses of the necessary prescriptions. The record is replete with additional examples of medical care Mr. Lemmons received while in the Pawnee County Jail. We therefore affirm the district court's determination that Mr. Lemmons failed to show a deliberate indifference to his medical needs.

## 3. Protection Against Assault by Fellow Inmates

■ Mr. Lemmons alleges that at one point during his time in the Pawnee County Jail, fellow inmates assaulted him due to rumors that he had AIDS, and Ms. Shaw and jail administrator Ryan Hammons stood by and watched the assault for a period of time before intervening. In rejecting this claim, the district court relied on a grievance Mr. Lemmons filed while in jail in which he reported being threatened

by other inmates, but further stated he was moved to isolation in response to these threats. Nowhere in the grievance did Mr. Lemmons discuss an assault or state that Ms. Shaw or Mr. Hammons failed to intervene to protect him. The district court also relied on record evidence of a jail policy requiring staff to file a jail incident report if they observe an inmate assault, as well as evidence showing no incident report exists of the alleged attack on Mr. Lemmons. Based on this evidence, we agree Mr. Lemmons failed to show he was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and we affirm the district court's dismissal of this claim.

### 4. Access to the Courts

■ Mr. Lemmons claims he was denied access to the courts because defendants refused to provide him with a law library and he was denied legal counsel. Although inmates have a right of access to the courts, there is no "freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Thus, an inmate relying on an inadequate law library or legal representation to argue lack of access to the courts must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Mr. Lemmons has made no such showing. His conclusory arguments lack any evidentiary or legal support and are therefore insufficient to state a claim for relief. We thus affirm the district court on this claim.

### 5. Dismissal of Pawnee County Sheriff's Office, Court Clerk's Office, and Unknown Defendants

■ Finally, Mr. Lemmons contends the district court erred in dismissing the Pawnee County Sheriff's Office, Pawnee Court Clerk's Office, and other unknown defendants on the basis that Mr. Lemmons failed to state a claim for relief against them. We disagree. The district court dismissed Sheriff Mike Waters and the County Sheriff's Office because none of the allegations in Mr. Lemmons's complaint suggest that the Sheriff or the Sheriff's Office had any personal involvement in the incidents giving rise to Mr. Lemmons's claims. *See Brown v. Montoya,* 662 F.3d 1152, 1163 (10th Cir.2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (Internal quotation marks omitted)). On appeal, the only link Mr. Lemmons suggests exists between the County Sheriff's Office and his alleged injuries is his claim that the Sheriff's Office inadequately trained the officers who searched Mr. Lemmons's home. In the context of § 1983 liability based on a defendant's supervisory role, the plaintiff must show an "affirmative link between the supervisor and the constitutional violation," by demonstrating (1) the supervisor's personal involvement, (2) causation, and (3) a culpable state of mind. *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir.2013) (internal quotation marks omitted). Where the only alleged involvement of a supervisor is based on inadequate training, a defendant must show "essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Currier v. Doran,* 242 F.3d 905, 925 (10th Cir.2001) (internal quotation marks omitted). Mr. Lemmons's claim against the Pawnee County Sheriff's office does not meet this standard. Instead, he provides only a conclusory argument that, had the Sheriff's Office conducted better training, the officers would not

have engaged in the alleged Fourth Amendment violations. Mr. Lemmons fails to demonstrate a complete failure to train or training that is objectively unreasonable. We thus conclude the district court correctly dismissed Mr. Lemmons's claims against Sheriff Waters and the County Sheriff's office.

█ As to the County Clerk's Office and unknown defendants, the district court determined that the only claim against the office was Mr. Lemmons's denial-of-access-to-the-courts claim, which the district court dismissed under Rule 12(b)(6). Because we affirm the district court's dismissal of Mr. Lemmons's denial-of-access-to-the-courts claim, we also affirm the dismissal of the County Clerk's Office and unknown defendants from this lawsuit.

## IV. CONCLUSION

For these reasons, we **AFFIRM** the district court's denial of Mr. Lemmons's request for injunctive relief, his motion for appointment of counsel, his motion to supplement/amend his complaint, and each of his 42 U.S.C. § 1983 claims. The District Court previously granted Mr. Lemmons's motion to proceed in forma pauperis, and we remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full. *See* 28 U.S.C. § 1915(b)(1). We **GRANT** Mr. Lemmons's request that we waive the fees associated with the two appeals he filed before the district court had issued a final order in this case, appellate case numbers 12–5012 and 13–5136.