**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MTGLQ INVESTORS, LP,

     Plaintiff Counter Defendant -
Appellee,

v.

MONICA WELLINGTON,

     Defendant Counterclaimant -
Appellant,

and

THE MONICA L. WELLINGTON
DECLARATION OF TRUST, Dated
December 28, 2007; ALTURA VILLAGE
HOMEOWNERS ASSOCIATION,

     Defendants,

v.

PROFOLIO HOME MORTGAGE
CORPORATION; J.P. MORGAN CHASE
BANK, N.A.; WEINSTEIN & RILEY,
P.S.; ELIZABETH V. FRIEDENSTEIN;
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

     Counter Defendants.

No. 21-2017
(D.C. No. 1:17-CV-00487-KG-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

     [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.[**]

_____

Defendant-Appellant Monica Wellington appeals from the district court's denial of her motion to amend/vacate the district court's entry of judgment awarding attorney's fees to Plaintiff-Appellee MTGLQ Investors, LP (MTGLQ).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ms. Wellington raises two issues. First, she argues that the district court lacked jurisdiction over the matter because MTGLQ is "legally merely an informal unincorporated association," and therefore lacked legal existence, standing, and the capacity to sue. Aplt. Br. at 7. However, this issue was not raised or ruled on in connection with the judgment from which Ms. Wellington appeals and was not otherwise raised in the notice of appeal. Therefore, the issue is not properly before this court. See Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir. 1990). And in any event, this court has already considered that argument in a prior appeal and rejected it for a variety of reasons we need not recount. See Wellington,

_____

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The facts of this case were set out fully in a prior appeal to this court. See MTGLQ Inv'rs, LP v. Wellington, No. 20-2000, 2021 WL 1217451, at *1–2 (10th Cir. Mar. 31, 2021). The parties are familiar with those facts and we need not repeat them here.

2

2021 WL 1217451, at \*3–6.  Ms. Wellington may not now relitigate the issue.  See

Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995).

Ms. Wellington also argues that the district court's entry of judgment

enforcing its award of $623.50 in attorney's fees was procedurally improper.  First,

she argues that, because the judgment was entered pursuant to Fed. R. Civ. P. 37

rather than Fed. R. Civ. P. 54, it does not satisfy Fed. R. Civ. P. 54(a)'s definition of

a "judgment" as "any order from which an appeal lies."  Second, she argues that

courts are not permitted to award attorney's fees as discovery sanctions in a final

judgment pursuant to Rule 54.

Both arguments lack merit.  As the district court noted, Rule 54 does not apply

to Rule 37 sanctions.  Fed. R. Civ. P. 54(d)(2)(E).  The district court was required to

order the payment of attorney's fees based on its denial of Ms. Wellington's motion

to compel interrogatory responses absent a valid exception.  See Fed. R. Civ. P.

37(a)(5)(B).  And when Ms. Wellington failed to comply with that order, the district

court was permitted to enter judgment enforcing the fee award.  See Fed. R. Civ. P.

37(b)(2) (permitting a court to "issue further just orders" when a party fails to

comply with an order issued under Fed. R. Civ. P. 37(a)).  That judgment is

independent from the final judgment entered pursuant to Rule 54 and is not otherwise

subject to Rule 54.

Finally, to the extent Ms. Wellington argues that the district court lacked the

power to enter judgment enforcing the fee award as a discovery sanction after it had

entered final judgment in the case, that argument is meritless.  This court has

repeatedly held that even after entry of final judgment, the district court retains jurisdiction over collateral attorney's fees issues. See, e.g., McKissick v. Yuen, 618 F.3d 1177, 1196–97 (10th Cir. 2010).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge