FILED
United States Court of Appeals
Tenth Circuit

August 26, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LARRY THOMPSON; JOEL WHITE;
LINDA SLABAUGH; SUSAN
ROGERS; ED RISENHOOVER; JOE
PRIVETTE; JAMES LITTLE; ALAN
LEWIS; DARRELL KELLEY; FORD
HENDERSHOT; STAN HARRIS;
HAROLD GRIFFIN; ALAN GEBERT;
TONY FENNELL; WILLIAM
COOPER; GERALD ADAMS;
ROBERT TIMMER; and TED
KRUCHOWSKI,

    Plaintiffs-Appellees,

    v.

THE WEYERHAEUSER COMPANY,

    Defendant-Appellant.

No. 07-7090

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA
(D.C. Nos. CIV-03-649, CIV-05-499-JHP)

---

Kristen L. Brightmire, Eldridge Cooper Steichen & Leach, PLLC, (William S.
Leach and Michael F. Smith with her on the briefs), Tulsa, Oklahoma, for the
Defendant-Appellant.

J. Vince Hightower, Tulsa, Oklahoma  (Jim T. Priest, Whitten, Burrage, Priest,
Fulmer, Anderson & Eisel, Oklahoma City, Oklahoma with him on the brief),  for
the Plaintiffs-Appellees.

Before **HENRY**, Chief Judge, and **MURPHY** and **TYMKOVICH**, Circuit Judges.

---

**HENRY,** Chief Judge.

After losing their jobs at the Weyerhaeuser Company's Valliant, Oklahoma containerboard plant as part of a reduction in force, the plaintiffs filed this wrongful termination action against Weyerhaeuser, alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and state law. In pretrial briefing, the plaintiffs requested that the court apply the pattern-or-practice framework adopted by the Supreme Court in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). Weyerhaeuser moved to strike the plaintiffs' request, arguing that the pattern-or-practice framework should be employed only in employment discrimination cases filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

The district court denied Weyerhaeuser's motion, reasoning that this court's decision in *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001), establishes that the pattern-or-practice framework may be applied in ADEA cases. The court certified the issue for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

Weyerhaeuser now re-urges its argument that the pattern or practice framework should not be applied. It further contends that our decision in *Thiessen* did not reach that question.

We are not persuaded. *Thiessen* holds that when a plaintiff alleges that age discrimination was an employer's "standard operating procedure," *Teamsters*, 431 U.S. at 336, and presents sufficient evidence to support that allegation, the district court must apply the pattern-or-practice framework. 267 F.3d at 1108. Accordingly, exercising our discretion under 28 U.S.C. § 1292(b), we affirm the district court's decision denying Weyerhaeuser's motion to strike and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2002, Weyerhaeuser's Valliant, Oklahoma plant implemented a reduction in force. As a result, sixteen of the plaintiffs were discharged. The seventeenth plaintiff, Larry Thompson, was discharged in 2003. Each of the plaintiffs was over forty years of age at the time of discharge.

The plaintiffs then filed this wrongful discharge action in the Eastern District of Oklahoma, alleging violations of the ADEA and state law. The district court granted summary judgment to the defendants on the grounds that the plaintiffs had signed a waiver of their right to file an ADEA claim in order to obtain a severance package. However, in a prior appeal, this court held that the

-3-

waivers were not valid, reversed the grant of summary judgment, and remanded the case for further proceedings. *See Kruchowski v. Weyerhaeuser Co.*, 446 F.3d 1090 (10th Cir. 2006).

After remand, as we have noted, the district court denied Weyerhaeuser's request to strike the pattern-or-practice theory of discrimination advanced by the plaintiffs but certified the ruling for interlocutory appeal.

## II. DISCUSSION

Weyerhaeuser now argues that, in contrast to Title VII, the ADEA does not authorize a court to apply the pattern-or-practice framework for assessing claims of age discrimination. Weyerhaeuser acknowledges that this court's decisions in *Thiessen* and *EEOC v. Sandia Corp.*, 639 F.2d 600 (10th Cir. 1980), have applied the pattern-or-practice framework to ADEA claims. Nevertheless, Weyerhaeuser maintains, those cases did not consider the arguments it now raises and therefore are not controlling. These contentions raise legal questions that we examine de novo. *See WWC Holding Co., Inc. v. Sopkin*, 488 F.3d 1262, 1276 n.10 (10th Cir. 2007).

### A. **The pattern-or-practice framework has been widely applied to ADEA cases.**

The federal statutes barring discrimination in employment contain only a brief reference to the pattern-or-practice framework at issue here. A section of

Title VII authorizes the Attorney General to file a civil action against "any person or group of persons" whom he or she has reasonable cause to believe "is engaged in a *pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described.*" 42 U.S.C. § 2000e-6(a) (emphasis added).

Unlike Title VII, the ADEA contains no express reference to pattern-or-practice claims. The ADEA does adopt the opt-in class mechanism of the Fair Labor Standards Act, which authorizes class actions when the complaining employees are "similarly-situated." *See* 29 U.S.C. § 626(b) (providing that the provisions of the ADEA "shall be enforced in accordance with the powers, remedies, and procedures provided in [specified sections of the Fair Labor Standards Act,]" including the Fair Labor Standards Act provision regarding class actions, 29 U.S.C. § 216(b)). However, that class action statute does not use the term "pattern-or-practice." *See generally Thiessen*, 267 F.3d at 1102-08 (discussing ADEA class actions).

In the absence of specific statutory provisions, the details of the pattern-or-practice framework have developed in Supreme Court decisions in which the plaintiffs alleged that employers had violated Title VII by engaging in "a pattern of discriminatory decisionmaking." *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984); *Teamsters*, 431 U.S. at 357-62; *Franks v.*

-5-

*Bowman Transportation Co.*, 424 U.S. 747, 772-73 (1976). In those cases, the Court has concluded that trial proceedings involving pattern-or-practice claims should occur in a series of specific stages. It has also allocated the burdens of proof on various issues in a manner that "differ[s] dramatically from a case involving only individual claims of discrimination." *Thiessen*, 267 F.3d at 1106. (citing *Teamsters*, 431 U.S. at 357-62). The Court has applied this framework both in cases filed by the government, *see Teamsters*, 431 U.S. at 328, and in cases filed by private parties, *see Franks*, 424 U.S. at 772.

In a pattern-or-practice case, the Court concluded, the trier of fact should first determine whether the allegedly discriminatory pattern or practice actually existed. In contrast to cases alleging solely individual discrimination, the initial focus of a pattern-or-practice case is upon the defendant employer's "standard operating procedure." *Teamsters,* 431 U.S. at 336. The plaintiff must first show that "unlawful discrimination has been a regular procedure or policy followed by an employer or a group of employers." *Id.* at 360. If the factfinder is not persuaded, then the pattern-or-practice phase concludes. *Thiessen*, 267 F.3d at 1106 n.8 (adding that "[i]f the plaintiffs do not prevail during the first stage of a pattern-or-practice trial, they are nevertheless entitled to proceed on their individual claims of discrimination").

On the other hand, if the plaintiff proves that a discriminatory pattern or practice existed, the court may award prospective equitable relief. *See id.* at 1106.

-6-

The *Teamsters* Court explained that "[s]uch relief might take the form of an injunctive order against continuation of the discriminatory practice, an order that the employer keep records of its future employment decisions and file periodic reports with the court, or any other order necessary to ensure the full enjoyment of the rights protected by Title VII." 431 U.S. at 361 (internal quotation marks omitted).

After this initial phase of a pattern-or-practice case, the inquiry shifts. The factfinder must proceed to determine whether "any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that [pattern or practice]." *Id.* at 362. "Importantly, by having prevailed in the first stage of trial, the individual plaintiffs reap a significant advantage for purposes of the second stage: they are entitled to a presumption that the employer has discriminated against them." *Thiessen*, 267 F.3d at 1106. As a result, at this stage, the defendant employer has the burden of persuading the trier of fact that the employer did *not* unlawfully discriminate against the individual plaintiff. That burden is justified because "the finding of a pattern or practice changed the position of the employer to that of a proven wrongdoer." *Teamsters*, 431 U.S. at 359 n.45.

This circuit has applied the pattern-or-practice framework in ADEA actions. For example, in *Thiessen*, the plaintiffs had alleged that their employer had adopted a "blocker policy" under which management "began referring to the older

-7-

[executive] employees as 'blockers,' because in their view these employees were 'blocking' the advancement of younger, newly recruited employees," and then taking adverse employment actions against the older employees. 267 F.3d at 1100. According to the district court in *Thiessen*, "[The lead plaintiff, Mr. Thiessen] has not simply averred the existence of a discriminatory policy or merely argued that circumstantially one should infer its existence by virtue of numerous people in the protected category having incurred adverse employment actions. Instead, he has come forward with direct evidence of an overall policy of purported age discrimination." *Id.* at 1101 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 996 F. Supp. 1071, 1083 (D. Kan. 1998)). Despite that evidence, the district court subsequently concluded that the plaintiffs had failed to make "a significant showing of a specific link between defendants' alleged blocker policy and each of the adverse employment actions at issue in this case." *Thiessen v. Gen. Elec. Capital Corp,* 13 F. Supp.2d 1131, 1137 (D. Kan. 1998) (internal quotation marks omitted). As a result, the district court granted the defendant employer's motion to decertify the case as a class action.

In ruling that the district court had erred in decertifying the class, we explained that the plaintiffs were asserting "a pattern-or-practice claim modeled on [*Teamsters*]" and that the district court had failed to recognize that the plaintiffs' trial plan "was consistent with the framework outlined in *Teamsters* for pattern-or-practice claims." *Theisen*, 267 F.3d at 1107. We held that "[w]hen an ADEA

plaintiff relies upon a 'pattern or practice' theory and comes forward with legitimate evidence to support that theory, the district court must take into account the framework for pattern-or-practice cases outlined by the Supreme Court in [*Teamsters*]. *Id.* at 1108. *See also Sandia Corp.*, 639 F.2d at 623) (concluding that the district court properly applied the pattern-or-practice framework in an ADEA case).

That holding is echoed by several of our sister circuits. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1227 (11th Cir. 2001) (analyzing the plaintiffs' evidence under the pattern-or-practice framework); *King v. Gen. Elec. Co.*, 960 F.2d 617, 624 (7th Cir. 1992) (stating that the "ADEA has no parallel provision [to Title VII's 42 U.S.C. § 2000e-6(a)], but courts nevertheless have adopted the pattern-or-practice terminology and the shifting burden of persuasion to ADEA actions"); *Haskell v. Kaman Corp.*, 743 F.2d 113. 119 (2d Cir. 1984) ("As in race discrimination cases, a plaintiff [in an ADEA case] may through statistical evidence establish a pattern or practice of discharging or failing to promote older employees, from which an inference of age discrimination may be drawn."); *EEOC v. W. Elec. Co.*, 713 F.2d 1011, 1016 (4th Cir. 1983) (applying the *Teamsters* pattern-or-practice procedural framework to an ADEA claim); *Marshall v. Sun Oil Co.,* 605 F.2d 1331, 1336 n.2 (5th Cir. 1979) (same).

Scholarly commentary is in accord. *See* 8 Lex K. Larson, EMPLOYMENT DISCRIMINATION § 137.02, at 137-16 (2d ed. 2008) ("Although there is no ADEA

counterpart to the 'pattern or practice' provision of Title VII, both the government and private classes of plaintiffs have been permitted to bring what amounts to age-based pattern-or practice suits."); 2 Howard C. Eglit, AGE DISCRIMINATION § 7:40, at 7-387 to 7-388. (2d ed. 1994) (stating that "generally, the pattern or practice method of proof is almost exclusively used in class actions" and that "[g]enerally, ADEA courts have looked to cases decided under Title VII . . . for guidance and they have embraced the pattern or practice precedents developed in the Title VII context").

## B.  Thiessen is controlling.

Weyerhaeuser insists that *Thiessen*'s statements that the pattern-or-practice framework applies to ADEA claims are merely dicta that we need not follow here. It invokes the principle that "a panel of this [c]ourt is bound by a holding of a prior panel of this [c]ourt but is not bound by a prior panel's dicta." *Bates v. Dep't of Corr.*, 81 F.3d 1008, 1011 (10th Cir. 1996); *see also United Food & Commercial Workers Union, Local 564 v. Albertson's, Inc.*, 207 F.3d. 1193, 1199 (10th Cir. 2000) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (internal quotation marks omitted).

We disagree.  Dicta are "'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995) (quoting *Black's Law Dictionary* 454 (6th ed. 1990)); *see also* Michael Abramowicz and Maxwell Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005) (concluding that "[a] holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment.  If not a holding, a proposition stated in a case counts as dicta."). Under that definition, *Thiessen*'s statement that the pattern-or-practice framework applies to ADEA claims is a holding, not a lurking proposition.

In particular, that determination was "necessarily involved" and "essential to the determination of the case in hand." *Rohrbaugh*, 53 F.3d. at 1184 (quoting *Black's Law Dictionary* 454 (6th ed. 1990)).  The *Thiessen* panel concluded that the district court's decertification of the plaintiff class constituted an abuse of discretion *because* the plaintiffs were proceeding under a pattern or practice framework.  "Necessarily involved" and "essential to th[at] determination" is the associated conclusion that the pattern-or-practice framework is proper in ADEA cases.  *Id.*

-11-

Moreover, our review of the parties' briefs in *Thiessen* indicates that the application of the pattern-or-practice framework to ADEA claims was specifically addressed there. The *Thiessen* plaintiffs urged the application of the *Teamsters* patttern-or-practice framework, *see* Aplt's Br. at 57, Reply Br. at 33, *Thiessen* (No. 98-3203), while the defendant employer argued that the application of that framework would violate its due process rights, *see* Aple's Br. at 33-34, *Thiessen* (No. 98-3203) (contending that "the bifurcated trial scheme contemplated by . . . *Teamsters* is constitutionally questionable in the context of a jury trial").

Weyerhaeuser observes that neither *Thiessen* nor *Sandia Corp.* addressed many of the particular challenges to the application of the pattern-or-practice framework that it seeks to advance here. For example, in its opening brief in this case, Weyerhaeuser invokes parts of the ADEA's legislative history, *see* Aplt's Br. at 15-22, and there is no discussion of that history in our two earlier cases.

That argument is also unavailing. The fact that our earlier decisions do not address particular arguments that Weyerhaeuser now advances does not transform the legal conclusions that we reached in those cases from holdings into dicta. The gist of Weyerhaeuser's arguments is that, in applying the pattern-or-practice framework to ADEA claims, *Thiessen* and *Sandia Corp.* were wrongly decided. Absent an intervening Supreme Court or en banc decision justifying such action, we lack the power to overrule our own precedent. *United States v.*

-12-

*Hernandez-Rodriguez*, 352 F.3d 1325, 1333 (10th Cir. 2003). In our view, Weyerhaesuer's expansive view of what constitutes dicta is founded upon an untenable theory of *stare decisis*. As the Eleventh Circuit has observed, "[u]nless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit *regardless of what might have happened had other arguments been made to the panel that decided the issue first*." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (emphasis added).

**C.  The Supreme Court's Decision in *Gross v.  FBL Financial Services*, Inc. does not overrule *Thiessen*.**

In a supplemental letter to this court, Weyerhaeuser contends that the Supreme Court's recent decision in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009) provides additional support for the view that the pattern-or-practice framework does not apply to ADEA claims. There, the Court held that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action" and that "the burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when plaintiff has produced some evidence that age was one motivating factor in that decision." 129 S. Ct. at 2352.

The Court contrasted that burden to the lesser one imposed on plaintiffs in Title VII cases. *See id.* at 2349 (explaining that "Congress has since amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was a motivating factor") (internal citation omitted). It also noted that, in Title VII "mixed motive" cases, once a "plaintiff . . . proves that [the plaintiff's membership in a protected class] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken [that factor] into account." *Id.* (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 258 (1989)) (alteration in original). The *Gross* Court explained that it "ha[d] never held that this burden-shifting framework applies to ADEA claims[,] [a]nd, we decline to do so now." *Id.*

We are not persuaded by Weyerhaeuser's argument. *Gross* does not involve the pattern-or-practice procedure at issue here. Moreover, the Court relied on the fact that Congress had amended Title VII to expressly adopt a "motivating factor" standard for discrimination rather than a "but for" inquiry. Here, Weyerhaeuser cannot point to an analogous difference in the language of Title VII and the ADEA that establishes that the pattern-or-practice framework is proper under one anti-discrimination statute but not the other.

-14-

As we have noted, Title VII does contain a brief reference to pattern-or-practice claims filed by the Attorney General, *see* 42 U.S.C. § 2000-e-6(a), while the ADEA contains no similar provision. However, the pattern-or-practice burden shifting framework at issue here is mentioned in neither statute. Instead, that framework has been established by the courts. *See Teamsters*, 431 U.S. at 359 n.45 ("Presumptions shifting the burden of proof are often created to reflect judicial evaluations of probabilities and to conform with a party's superior access to the proof."). Thus, in our view, the Supreme Court's decision in *Gross* does not overrule circuit precedent that authorizes the application of the pattern-or-practice framework in ADEA cases.

### III. CONCLUSION

The district court did not err in deciding to apply the pattern-or-practice framework to the plaintiffs' ADEA claim. We therefore AFFIRM its decision denying Weyerhaeuser's motion to strike and REMAND the case to the district court for further proceedings consistent with this opinion.