**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JIMMY GLENN HENDRIX,

    Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

    Respondent - Appellee.

No. 24-5112
(D.C. No. 4:23-CV-00322-JFH-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This matter arises on a request by the petitioner, Mr. Jimmy Glenn Hendrix, for a certificate of appealability. Mr. Hendrix needs the certificate to appeal from the denial of federal habeas relief following a state-court conviction. 28 U.S.C. § 2253(c)(1)(A).

Mr. Hendrix sought habeas relief based on a denial of due process when an Oklahoma trial court vacated a conviction and then reinstated it. We can grant the certificate only upon a showing of a substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In our view, Mr. Hendrix hasn't made that showing.

Mr. Hendrix was convicted in Oklahoma state court on a charge of murder. The conviction became final in 2010. Roughly a decade

later, the Supreme Court held in *McGirt v. Oklahoma*, 591 U.S. 894, 897–98 (2020), that

- Congress had not disestablished the Muscogee (Creek) Reservation and

- Oklahoma had lacked jurisdiction to prosecute Native Americans for crimes committed on the reservation.

In light of *McGirt*, the trial court vacated Mr. Hendrix's conviction. After the vacatur, however, the State moved to reinstate the conviction; and the trial court granted the State's motion. Mr. Hendrix unsuccessfully appealed in state court, arguing that reinstatement of the conviction had resulted in a denial of due process. Mr. Hendrix renewed the argument in federal habeas proceedings, but the district court denied habeas relief. He wants to appeal that denial.

We rejected a virtually identical claim in *Graham v. White*, 101 F.4th 1199 (10th Cir. 2024). There too, the state trial court vacated the conviction and reinstated it, relying on the Oklahoma Court of Criminal Appeals' conclusion that *McGirt* didn't apply to convictions that had become final. We concluded that this sequence of events didn't show a failure to reasonably apply Supreme Court precedent on due process. *Id.* at 1202–04, 1208–10.

Mr. Hendrix questions the correction of *Graham*, but it is subject to review only by the Supreme Court or our court when

convening en banc. *See Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1130 (10th Cir. 2009). Our panel is thus obligated to follow *Graham*, which forecloses habeas relief here.

Mr. Hendrix also argues that the state trial court never had jurisdiction, which would have prevented reinstatement of the conviction. In effect, he argues that the continuing existence of the Creek Reservation compelled the only action the trial court could take, which was to vacate his conviction and release him, regardless of state procedural requirements for postconviction relief.

We may deny a certificate of appealability on any basis evident in the record. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). And the record shows that Mr. Hendrix didn't exhaust this argument because he failed to present this theory to the Oklahoma Court of Criminal Appeals. *See* 28 U.S.C. § 2254(b)(1)(A). Given the failure to exhaust this theory, we decline to issue a certificate of appealability on this basis.

Accordingly, we deny a certificate of appealability and dismiss this matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3